Filed 9/24/13  P. v. Quintal CA2/7

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B246508 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. VA063643) |
| v. | |
| BLANCA YOLANDA QUINTAL, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Michael A. Cowell, Judge.  Affirmed.

Blanca Yolanda Quintal, in pro. per., and Randall Conner, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

In an information filed on February 27, 2001 Blanca Yolanda Quintal was charged with four counts of second degree robbery (Pen. Code, § 211) with special allegations she had personally used a firearm to commit the offenses (Pen. Code, § 12022.53, subd. (b)).

On April 26 2001 Quintal entered a negotiated plea of no contest, both orally and in writing, to one count of robbery with an admission she had personally used a firearm to commit the offense. In accordance with the plea agreement Quintal was sentenced to an aggregate state prison term of 12 years, consisting of the lower term of two years for robbery plus 10 years for the firearm-use enhancement. The remaining counts were dismissed.

The record of the plea hearing established Quintal was advised of and waived her constitutional rights and was advised of and acknowledged orally and in writing she understood the consequences of her plea. Among the consequences Quintal initialed on the plea form, indicating she understood them and had discussed them with her attorney was "if I am not a citizen of the United States, the conviction for the offense charged will have the consequences of deportation, exclusion from admission or denial of naturalization."[1] Defense counsel stipulated to a factual basis for the plea. The trial court found Quintal had knowingly, voluntarily and intelligently waived her constitutional rights and entered her no contest plea and admission.

On February 7, 2005 Quintal filed, in properia persona, a petition for writ of habeas corpus in which she claimed she was mentally incompetent at the time of her plea and her defense counsel had provided constitutionally ineffective assistance. The trial court considered and denied her petition on February 17, 2005.

In March 2005 Quintal filed, in propria persona, a second petition for writ of habeas corpus alleging the same grounds. The trial court summarily denied the petition.

On October 1, 2012 Quintal, represented by retained counsel, filed a motion to withdraw her no contest plea under Penal Code section 1018. The People opposed the

---

[1] The printed waiver form states "the conviction for the offense charged may have the consequence of deportation . . . ." On the form signed by Quintal "may" was crossed out and the word "will" inserted in handwriting and initialed by Quintal.

motion as untimely. On October 4, 2012 Quintal filed an "amended motion" to withdraw her guilty plea based on Penal Code section 1016.5. The People filed opposition, and Quintal filed a reply. On December 19, 2012 the trial court heard and denied the motion.

On January 18, 2013 Quintal filed, in propria persona, a notice of appeal from the order denying the motion.[2]

We appointed counsel to represent Quintal on appeal. After an examination of the record counsel filed an opening brief in which no issues were raised. On June 10, 2013 we advised Quintal she had 30 days in which to personally submit any contentions or issues she wished us to consider. Quintal sent a typed supplemental brief on July 8, 2013 in which she referred to matters outside the record in contending she was mentally incompetent at the time of her 2001 plea, she was coerced into entering her plea, she was unaware of either the immigration consequences or various other unrelated consequences of her plea and her appointed defense counsel provided constitutionally ineffective assistance.

We have examined the record and are satisfied Quintal's attorney has fully complied with the responsibilities of counsel and no arguable issue exists. (*Smith v. Robbins* (2000) 528 U.S. 259, 277-284 [120 S.Ct. 746, 145 L.Ed.2d 756]; *People v. Kelly* (2006) 40 Cal.4th 106, 112-113; *People v. Wende* (1979) 25 Cal.3d 436, 441.)

The record establishes Quintal was adequately advised of the immigration consequences of her plea when she signed the plea form stating the conviction will have the consequences of deportation, exclusion from admission and denial of naturalization. (See *People v. Superior Court* (*Zamudio*) (2000) 23 Cal.4th 183, 207.) That the admonitions were communicated in writing rather than repeated orally is of no legal significance because the trial court confirmed Quintal had read and understood the plea

---

[2] Quintal requested a certificate of probable cause, which was denied by the trial court. On February 14, 2013 an "amended notice of appeal" was filed on Quintal's behalf in which the pre-printed box was checked indicating her appeal "was based on the sentence or other matters occurring after the plea that do not affect the validity of the plea."

3

form and had signed it willingly.  (See *Arlena M. v. Superior Court* (2004) 121 Cal.App.4th 566, 570.)  Quintal's remaining contentions cannot be addressed because they rely on matters outside the appellate record.  Nor are they relevant to whether Quintal should have prevailed on her statutory motion to dismiss.

The order is affirmed.


PERLUSS, P. J.


We concur:


ZELON, J.


SEGAL, J.[*]

---

[*]     Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.